IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN, | No. 2:12-CV-2356-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM KNIPP, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff seeks the appointment of counsel (Docs. 11, 15). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity

of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, based on his filings to date, plaintiff appears to be articulate and capable of presenting his claims.  Second, for the reasons outlined in the accompanying findings and recommendations, the court finds that plaintiff does not have a likelihood of success on the merits because he has failed to state a cognizable claim for relief.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 11, 15) is denied.

DATED: September 16, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2