1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KENNETH R. CALIHAN,                    No. 2:12-CV-2356-KJM-CMK-P

12              Plaintiff,

13        vs.                              FINDINGS AND RECOMMENDATION

14   WILLIAM KNIPP, et al.,

15              Defendants.

16   _____/

17        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19        The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

                                        1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8

9                          **I.  PLAINTIFF'S ALLEGATIONS**

10         Plaintiff alleges the defendants failed to properly supervise the correctional

11  officers who were in charge of screening inmates with metal detection wands prior to their

12  release into the exercise yard.  Due to this failure, another inmate was able to bring a weapon

13  onto the yard which was then used in an attack on plaintiff.  Plaintiff was seriously injured in the

14  attack.

15

16                              **II.  DISCUSSION**

17         The treatment a prisoner receives in prison and the conditions under which the

18  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

19  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

20  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

21  of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

22  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

23  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

24  "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

25  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

26  when two requirements are met: (1) objectively, the official's act or omission must be so serious

1   such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

2   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

3   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

4   official must have a "sufficiently culpable mind."  See id.

5          Under these principles, prison officials have a duty to take reasonable steps to

6   protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.

7   1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1)

8   objectively, the prisoner was incarcerated under conditions presenting a substantial risk of

9   serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer,

10  511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge

11  element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not

12  liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer,

13  511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison

14  officials know for a certainty that the inmate's safety is in danger, but it requires proof of more

15  than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

16  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison

17  officials actually knew of a substantial risk, they are not liable if they took reasonable steps to

18  respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

19          Here, plaintiff alleges defendants Borroga and Ybarra "were sitting in the ASU-C-

20  12 office not supervising there [sic] staff, on the date of December 9, 2011.  Defendant (Kaplan)

21  was not present per policies and Defendant (Knipp) was not present per policies, on December 9,

22  2011, to supervise staff." (Comp., Doc 1, at 3).  There is no allegation in the complaint that any

23  of the named defendants were personally responsible for the screening of inmates, nor that any of

24  the defendants were personally aware that the inmates were not being properly screened and

25  disregarded this risk.  Rather, plaintiff simply alleges the defendants failed to properly supervise

26  the correctional staff.

1    Supervisory personnel are generally not liable under § 1983 for the actions of their

2  employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

3  respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

4  violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

5  Supreme Court has rejected the notion that a supervisory defendant can be liable based on

6  knowledge and acquiescence in a subordinate's unconstitutional conduct because government

7  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

8  and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

9  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation

10  of constitutional rights and the moving force behind a constitutional violation may, however, be

11  liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

12  Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

13    When a defendant holds a supervisory position, the causal link between such

14  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

15  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

16  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

17  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

18  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

19  official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

20    There is no allegation of any personal involvement by any of the defendants.  In

21  fact, plaintiff has alleged two of the defendants were not even present during the incident.  The

22  other two defendants are alleged to have been on duty, but in the office not on the yard.  Nor is it

23  alleged that any of the defendants were the ones personally responsible for properly screening the

24  inmates.

25    As a supervisor can only be liable for his own actions, not those of his

26  subordinates, plaintiff has not stated a claim against any of the defendants.  None of the named

1   defendants were alleged to be responsible for the screening of the inmates prior to their release

2   into the exercise yard.  Instead, plaintiff alleges the defendants simply failed to properly

3   supervise their subordinates.  Therefore, plaintiff fails to state a claim for which he may be

4   entitled to relief.

5

6                              **III.  CONCLUSION**

7           Because it does not appear possible that the deficiencies identified herein can be

8   cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

9   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

10          Based on the foregoing, the undersigned recommends that plaintiff's complaint be

11  dismissed for failure to state a claim and this action be closed.

12          These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court.  Responses to objections shall be filed within 14 days after service of

16  objections.  Failure to file objections within the specified time may waive the right to appeal.

17  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19   DATED:  September 16, 2013

20                                              _____

21                                              **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26