1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. CALIHAN, | No.: 2:12-cv-02356-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM KNIPP, et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights action under 28 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On September 16, 2012, the magistrate judge filed findings and recommendations, which were served on the parties and contained notice that any objections thereto were to be filed within fourteen days. ECF No. 17. No objections to the findings and recommendations have been filed.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be largely supported by the record and by the proper analysis. However, the court declines to follow the recommendation of dismissal.

/////

1    The magistrate judge correctly states the governing standard. Generally, supervisory personnel are not liable for employees on § 1983 claims, unless the supervisor participated in or directed the violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Knowledge of or acquiescence in a subordinate's unconstitutional conduct is insufficient to create liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Rather, a government official may be held liable for only his or her own conduct. *See id.* Supervisory personnel who implement a policy that can itself be considered a constitutional violation, however, may be held liable absent overt participation. *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1445–46 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Although approving this standard, the court disagrees with the magistrate judge's conclusion that, given leave to amend, plaintiff could not cure the deficiencies in his pleadings. Plaintiff explicitly alleges failure to supervise, triggering the heightened standard of liability described above. From this pleading, the magistrate judge reasons that because plaintiff failed to allege that any of the defendants were personally responsible for screening inmates, he had failed incurably to state a claim. However, the wording of the complaint is ambiguous as to whether plaintiff also alleges failure to supervise on the basis of official prison policy: "Defendant []Kaplan[] was not present per policies and defendant []Knipp[] was not present per policies . . . to supervise staff." Compl. at 3, ECF No. 1. This phrasing is susceptible of different interpretations: either that policy dictated defendants Kaplan and Knipp be present or that policy dictated the opposite. One of these would support an allegation of supervisory liability on the basis of policy. As such, and in light of plaintiff's *pro se* status, this court will give plaintiff leave to amend so that plaintiff may clarify his pleading, while remaining subject to Federal Rule of Civil Procedure 11.

/////
/////
/////
/////
/////

2

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 16, 2013 are adopted, but the recommendation to dismiss the claim and close the case is not adopted.

2. Plaintiff is directed to file an amended complaint, if he is able, within thirty (30) days.

Dated:  January 10, 2014.

_____
UNITED STATES DISTRICT JUDGE